# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA BARBARA CHANNELKEEPER; and ENVIRONMENTAL DEFENSE CENTER,<br><br>    Plaintiffs,<br><br>vs.<br><br>GRALAR LLC; and LARRY MOSLER,<br><br>    Defendants. | Civil Case No. 13-06458 DSF (RZx)<br><br>**~~PROPOSED~~ ORDER GRANTING PROTECTIVE ORDER STIPULATION**<br><br>Hon. Ralph Zarefsky<br><br>Filed: February 11, 2014 |

The Court has read and considered the Protective Order Stipulation. For the reasons stated in the Stipulation and for good cause shown, the Court hereby APPROVES the Stipulation, as detailed below:

1.  The Parties' February 7, 2014 Stipulation Regarding Establishment of Deadlines for Defendants' Production of Financial Materials, Defendants' Obtaining Written Financial Bid Estimates for Proposed Storm Water Management Actions, and Defendants' Settlement Proposal; Scheduling of Meeting of the Parties and Second Settlement Conference (hereafter, "February 7 Stipulation") requires Defendants to produce documents regarding the financial condition of Defendants and the feasibility and cost of installing certain storm water pollution control measures at Defendants' Ojai Quarry (collectively, "financial documents").

2. In connection with these stipulated document production requirements, Defendants may designate any financial documents as "Confidential" under the terms of this Stipulated Protective Order (hereafter, "Order").

3. Confidential documents shall be so designated by stamping copies of the document produced to Plaintiffs with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by Defendants.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereafter, "Confidential Material") shall be used only for the purpose of settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to the Order may be disclosed or made available only to the Court and the following Designated Persons:

a) Counsel for Plaintiffs—Michael Lozeau of Lozeau Drury LLP, and Brian Segee of Environmental Defense Center;

b) Linda Krop, Chief Counsel, Environmental Defense Center;

c) Kira Redmond, Executive Director, Santa Barbara Channelkeeper;

d) Richard Horner, PhD, Plaintiff counsel's consultant on storm water issues. Dr. Horner will only be authorized to view documents addressing the feasibility and cost of installing certain storm water pollution control measures, and is not authorized to view documents addressing Defendants' financial condition;

    e) One (1) consultant in review of financial documents.  Plaintiffs have not yet identified this expert or consultant, but will immediately notify Defendants' of the individual's identity upon hiring;

    f) Any other person to whom the Parties in writing agree.

Prior to receiving any Confidential Material, each Designated Person shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for Defendants.

  6. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action, as required by the February 7 Stipulation, without involving the Court unnecessarily in the process.

  7. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either Party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

  8. Nothing herein shall impose any restrictions on the use or disclosure by Plaintiffs of material obtained by Plaintiffs independent of the requirements of the February 7 Stipulation, including through future discovery proceedings in this action.

  9. This order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for Plaintiffs shall assemble and return to Defendants' counsel all documents and material designated as confidential and all copies of same, or shall certify the destruction thereof.

1  Dated this 18th day of    February, 2014.

*Ralph Zarefsky*

Hon. Ralph Zarefsky
United States Magistrate Judge